**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DUAN JING JING,<br><br>Plaintiff,<br><br>v.<br><br>WEYLAND TECH, INC., NEVADA AGENCY AND TRANSFER COMPANY,<br><br>Defendant. | : | **CIVIL ACTION NO.**<br><br>**COMPLAINT** |

Plaintiff, Duan Jing Jing, by and through counsel, Garibian Law Offices, P.C., by way of Complaint against defendants, Weyland Tech, Inc. and Nevada Agency and Transfer Company, avers as follows:

## PARTIES

1. Plaintiff, Duan Jing Jing ("Plaintiff"), is an adult citizen of China.

2. Defendant, Weyland Tech, Inc. ("Weyland") is a corporation organized and incorporated pursuant to the laws of the state of Delaware. Weyland can be served through its registered agent, Delaware Intercorp, LLC, 113 Barksdale Professional Center, Newark, DE 19711-3258.

3. Defendant, Nevada Agency and Transfer Company ("Nevada") is a corporation organized and incorporated pursuant to the laws of the state of Nevada. Nevada is itself a Commercial Registered Agent for service of process, and can be served at 50 West Liberty Street, Suite 880, Reno, NV 89501.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 exclusive of interests and costs and is between citizens of different states.

5. Plaintiff is a citizen of China.

6. Defendant, Weyland, is a citizen of Delaware.

7. Defendant, Nevada, is a citizen of Nevada.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) and 1391(b)(1) because Weyland is a resident of Delaware.

## FACTUAL BACKGROUND

9. Weyland, prior to September 1, 2015 specialized in providing e-commerce solutions and services that facilitate multi-channel B2C (business-to-consumer) and B2B (business-to-business) transactions. Its solutions and services enabled ecommerce transactions with speed and efficiency, and allowed an interactive and engaging customer experience as well as targeted marketing and advertising.

10. Weyland is currently an SEC reporting company under the Securities Exchange Act of 1934 that is currently classified as an OTCQB at OCTMarkets.com.

11. Per the documentation contained in Weyland's SEC filings, Weyland does not meet the definition of a "shell company" under SEC Rule 144.

## *PLAINTIFF BECOMES SHAREHOLDER IN WEYLAND*

12. Plaintiff is the owner of 800,000 shares of Defendant, Weyland ("Shares").

13. Plaintiff acquired the Shares as a result of Plaintiff's purchase from Ms. Lee Gaik Hong of the Shares on April 18, 2016.

14. Plaintiff paid for the Shares on April 19, 2016.

15. Weyland acknowledged the sale of the Shares by issuing Certificate No. 1397 on May 10, 2016.

16. Weyland CEO Brent Suen acknowledged Plaintiff's ownership of the Shares via letter dated June 6, 2016 and in an email dated June 13, 2016 to Plaintiff.

17. In the June 13, 2016 email from Brent Suen to Plaintiff, Mr. Suen confirmed that "Weyland Tech will use best efforts to re-issue the non-restricted shares after the 6 months [sp] holding period of November 11, 2016."

***PLAINTIFF SEEKS TO HAVE RESTRICTIVE LEGENDS REMOVED***

18. On March 2, 2017, Plaintiff's attorney, Matheau J. W. Stout, provided a Rule 144 Opinion Letter ("Stout 144 Opinion") to Nevada.

19. The Stout 144 Opinion Letter concluded that that the restrictive legend may be removed from the Shares, and that Plaintiff may deposit such Shares for sale in reliance upon the exemption from registration contained in Rule 144.

20. In an apparent effort to delay, Weyland responded to Plaintiff's request on March 8, 2017, by attaching an unsupported foreign complaint in a Singapore court (the "Singapore Complaint") containing a story and allegations of material events, including an alleged "rescission" of the agreement under which Ms. Lee Gaik Hong's shares were originally issued and an alleged "cancellation" of those shares, but such material events were found nowhere in Weyland's prior audited SEC filings, including several 10-Qs, 10-Ks, and numerous 8-Ks.

21. On March 8, 2017, Plaintiff's attorney, Matheau J. W. Stout, requested a copy of the documents cited or referenced in the Singapore Complaint, including specifically documents showing a "rescission" and "cancellation" of shares, and Mr. Stout offered to amend or withdraw his legal opinion if such documentation were provided showing that the allegations or story in the Singapore Complaint were true.

22. Despite numerous follow up emails to Weyland's counsel and CEO, Weyland did not provide any documents to support the allegations or story in the Singapore Complaint.

23. At no time has Weyland raised any substantive objection to any of the language contained in the Stout 144 Opinion Letter, nor has Weyland disputed any of the documents which were attached to the Stout 144 Opinion Letter as exhibits.

24. On March 21, 2017, after nearly three weeks of waiting for Weyland to provide any documents in support for of the “rescission” or “cancellation” alleged in the Singapore Complaint, Mr. Stout sent an email to Nevada’s president, Amanda Cardinalli, reiterating the request for removal of the restrictive legend, and informing Nevada that the story and allegations in the Singapore Complaint were not contained in Weyland’s prior SEC filings, despite the material nature of such alleged events, including the alleged “rescission” and “cancellation” of shares.

25. On April 13, 2017, Weyland filed an 8-K which vaguely references the Singapore Complaint, and the Plaintiff’s 800,000 shares, and which again alleges the unsupported “rescission” and “cancellation” of shares without providing any dates for such material events, and which again fails to attach as exhibits any contracts, agreements or other documents to support such material events which were alleged in the Singapore Complaint.

26. Upon information and belief, Weyland’s conduct was merely intended to prevent anyone from depositing shares of Weyland into the market in order to maintain its stock price above $4, which is part of the criteria for Weyland’s acceptance for listing on NASDAQ.

## <u>COUNT I</u>

## <u>(VIOLATIONS OF 6 DEL. C. §§ 8-401 AND 407)</u>

27. Plaintiff repeats and realleges each and every allegation contained within the General and Specific Allegations of this Complaint as if more fully set forth herein.

28. Weyland was the issuer of the shares of common stock to Plaintiff.

29. Plaintiff was eligible to have the restrictive legend removed from the share certificate for the Shares.

30. Plaintiff's attorney, Matheau J. W. Stout, provided the March 2, 2017 legal opinion and supporting documents required to effectuate the removal of the restrictive legend contained on the share certificate long after the November 11, 2016 date cited by Weyland's CEO Brent Suen in his June 13, 2016 email to Plaintiff.

31. The removal of the restrictive legend does not violate any restriction on transfer imposed by Weyland.

32. Nevertheless, Weyland and Nevada continue to wrongfully and/or negligently refuse to effectuate the necessary actions to remove the restrictive legend contained on the share certificate, using the unsubstantiated and unsupported allegations in the Singapore Complaint as a pretense.

33. There is no legal justification for the Weyland's continued delay.

34. Defendants' aforementioned wrongful conduct deprives Plaintiff of the ability to undertake the essential first step in the legend removal process.

35. As a result of Defendants' unreasonable refusal, Plaintiff has been prevented from being able to deposit the shares with her broker in order to sell the shares on the public market.

36. Weyland's aforementioned conduct violates 6 *Del. C.* § 8-401.

37. Weyland is liable to Plaintiff for damages pursuant to 6 *Del. C.* § 8-401(b).

38. As transfer agent, pursuant to 6 *Del. C.* § 8-407, Nevada has the same obligation to Plaintiff with regard to the particular functions performed as Weyland has in regard to those functions.

39. Pursuant to 6 *Del. C.* § 8-403(b):

> "if a certificated security in registered form is presented to an issuer with a request to register transfer or an instruction is presented to an issuer with a request to register transfer of an uncertificated security after a demand that the issuer not register transfer has become effective, the issuer shall promptly communicate to (i) the person who initiated the demand at the address provided in the demand and (ii) the person who presented the security for registration of transfer or initiated the instruction requesting registration of transfer a notification stating that (1) the certificated security has been presented for registration of transfer or instruction for registration of transfer of uncertificated security has been received; (2) a demand that the issuer not register transfer had previously been received; and (3) the issuer will withhold registration of transfer for a period of time stated in the notification in order to provide the person who initiated the demand an opportunity to obtain legal process or an indemnity bond."

40. Pursuant to 6 Del. C. § 8-403(c), the period described in subsection 6 *Del. C.* § 8-403(b)(3) may not exceed 30 days after the date of communication of the notification.

41. Defendants are liable for any and all loss incurred by Plaintiff resulting from preventing the removal of the restrictive legend contained on the share certificate owned by Plaintiff.

42. Plaintiff has been substantially damaged as a direct and proximate result of Defendants' aforementioned conduct.

## <u>COUNT II</u>

## <u>TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE</u>

43. Plaintiff re-alleges all of the foregoing paragraphs as it fully set forth herein.

44. Plaintiff had a reasonable expectation of economic advantage from a prospective contractual relationship through the intended sale of the Shares to third party purchasers.

45. Defendants knew that Plaintiff intended to sell the Shares.

46. Defendants interfered with this prospective contractual relationship between Plaintiff and third party purchasers of the Shares by wrongfully preventing the removal of the restrictive legends contained on the share certificates.

47. Defendants' conduct regarding the removal of restrictive legends was intentional and without justification or excuse.

48. As a result of Defendants' conduct, Plaintiff has lost the prospective economic advantage with third party purchasers of the Shares.

49. As a result of the loss of this prospective economic advantage with third party purchasers, Plaintiff has and will suffer damages to the extent the share price declines.

## COUNT III

## CONVERSION

50. Plaintiff re-alleges all of the foregoing paragraphs as it fully set forth herein.

51. Defendants' actions to wrongfully prevent Plaintiff from effectuating the necessary actions to remove the restrictive legends contained on the share certificates constitute an improper exercise of dominion and control over Plaintiff's property as Plaintiff has been and continues to be unduly restricted in her ability to sell the Shares.

52. As a result of Defendants' actions, Plaintiff has been deprived of her rights to alienate ownership of the Shares.

53. Defendants' wrongful exercise of dominion and control over the share certificates owned by Plaintiff constitutes a conversion or trover of the Shares.

54. Plaintiff has been damaged as a result of Defendants' conversion of the Shares, in that Plaintiff has been unable to sell or otherwise realize any value from the Shares.

## COUNT IV

## INJUNCTION

55. Plaintiff re-alleges all of the foregoing paragraphs as it fully set forth herein.

56. Defendants' actions to wrongfully prevent Plaintiff from effectuating the necessary actions to remove the restrictive legends contained on the share certificates constitute an improper exercise of dominion and control over Plaintiff's property as Plaintiff has been and continues to be unduly restricted in her ability to sell the Shares.

57. As a result of Defendants' actions, Plaintiff has been deprived of her rights to alienate ownership of the Shares, which may lose their value.

58. Defendants' wrongful exercise of dominion and control over the share certificates owned by Plaintiff constitutes a conversion or trover of the Shares and will result in irreparable damage to Plaintiff.

59. Plaintiff has been damaged as a result of Defendants' conversion of the Shares, in that Plaintiff has been unable to sell or otherwise realize any value from the Shares.

60. There does not exist an adequate remedy at law to compensate Plaintiff in the event that she is rendered unable to realize any value from the Shares.

61. Defendants' actions are without basis or merit.

62. Based upon the foregoing, Plaintiff seeks a mandatory injunction requiring and compelling Weyland and Nevada to remove the restrictive legend from the Shares;

63. Plaintiff's request for a mandatory injunction is reasonably suited to abate the threatened harm identified herein.

**WHEREFORE**, Plaintiff requests that this Court enter judgment awarding the following relief:

i. An award for all damages and losses suffered by Plaintiff as a result of Defendants' conduct, which exceed $75,000.00, including compensatory damages, consequential damages, punitive damages, interest, costs of suit, attorney's fees and other relief deemed equitable by this Court as a result of Defendants' tortious conduct;

ii. A declaration that Plaintiff has satisfied the requirements of 6 Del. C. § 8-401;

iii. A declaration that Plaintiff has met the requirements of SEC Rule 144 for purposes of selling the Shares;

iv. A declaration that Weyland's refusal and delay of Plaintiff's request to remove the restrictive legend constitutes a breach of Weyland's duties pursuant to 6 Del. C. § 8-401 and;

v. A declaration that Nevada's refusal and delay of Plaintiff's request to remove the restrictive legend constitutes a breach of Nevada's duties pursuant to 6 Del. C. § 8-407 and;

vi. An mandatory injunction compelling Weyland and Nevada to remove the restrictive legend from the Shares;

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*