**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **JING JING** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | **NO. 17-446** |
| | : | |
| **WEYLAND TECH, INC., *et al.*** | : | |
| | : | |

**MEMORANDUM**

**KEARNEY, J.** **July 27, 2017**

As Delaware's public policy codified in Title 8 of the Delaware Code, shareholders attempting to sell restricted shares of a Delaware corporation may sue the corporation and transfer agent to remove the restrictive legend. To compel corporate action, the shareholder must meet specific statutory obligations including presenting the original stock certificate with her demand. We already dismissed one attempt by this shareholder to compel the corporation to remove the legend based on a March 2017 attempt without presenting the stock certificate as required by statute. In her amended complaint, the shareholder now alleges she presented the same stock certificate with a proper demand in January 2017 but the corporation refused to remove the restrictive legend and permit the transfer based on a variety of defenses concerning the legality of the shareholder's ownership. The corporation and transfer agent now move to dismiss seemingly ignoring allegations detailing the January 2017 demand, which if proven true, may state a violation of the Delaware Code and a claim for conversion. The defenses must wait for a later day, as we are only evaluating whether the shareholder states a claim.

## I. Alleged Facts

In April 2016, Duan Jing Jing bought 800,000 shares of Weyland Tech, Inc. ("Weyland") [1] from Ms. Lee Gaik Hong.[2] Weyland issued stock Certificate Number 1397 to memorialize Ms. Jing Jing's purchase.[3] Certificate 1397 included a restrictive legend preventing the shares from being sold during a six-month holding period.[4] Ms. Jing Jing would need Weyland to remove the restrictive legend attached to the certificate to sell her shares. Ms. Jing Jing emailed Weyland's CEO, Brent Suen, and asked if she would be able to remove the restrictive legend.[5] Mr. Suen replied Weyland would attempt to remove the restrictive legend and re-issue the shares as non-restricted after the mandatory holding period.[6]

### A. Ms. Jing Jing attempts to remove the restrictive legend the first time.

Ms. Jing Jing hired an attorney, David Claiborne, to issue the legal opinion required to initiate the process of removing the restrictive legend per Weyland's instructions.[7] On January 18, 2017, Attorney Claiborne sent his opinion letter to Nevada Agency and Transfer Company (the "Transfer Company").[8] On January 18, 2017, Ms. Jing Jing mailed the required documents to the Transfer Company, including the original share certificate, via FedEx.[9] On February 7, 2017, Weyland's attorney, Scott Kline, told Attorney Claiborne Weyland did not believe the shares qualified to have the restrictive legend removed because the shares had previously been canceled.[10]

On February 13, 2017, Attorney Claiborne sent a revised opinion letter concluding the shares could still be re-issued without the restrictive legend.[11] Two days later, on February 15th, Ms. Jing Jing asked to have the original stock certificate returned, and Weyland complied with this request on the same day.[12]

**B. Ms. Jing Jing attempts to remove the restrictive legend a second time.**

Ms. Jing Jing then engaged new counsel, Matheau Stout, to attempt to have the restrictive legend removed once again.[13] On March 2, 2017, Attorney Stout sent the required opinion letter to the Transfer Company, along with the documents required under Rule 144 of the Securities Act of 1933.[14] He included a copy of the share certificate as an attachment to his email opinion letter, but he did not resend the original certificate.[15]

Weyland declined to remove the restrictive legend from the certificate.[16] It cited a complaint from a foreign court ("the Singapore Complaint") claiming the shares originally issued to Ms. Lee Gaik Hong had been canceled.[17] This cancellation rendered Ms. Jing Jing's ownership invalid, because she purchased the shares from Ms. Lee Gaik Hong.[18] Attorney Stout agreed the removal of the restrictive legend would be improper if Weyland's allegations were true and offered to withdraw his request to have the legend removed if Weyland provided support.[19]

Ms. Jing Jing alleges Weyland did not provide satisfactory documents to support the Singapore Complaint.[20] Attorney Stout did not find the Singapore Complaint supported in any of Weyland's filings with the Securities and Exchange Commission.[21] On April 13, 2017, Weyland issued an 8-K to its shareholders, which mentioned the Singapore Complaint, but Ms. Jing Jing alleges the 8-K did not sufficiently support those claims.[22] Weyland also did not oppose Attorney Stout's Rule 144 opinion letter.[23] Attorney Stout renewed efforts to remove the restrictive legend by requesting guidance from the Transfer Company.[24] The Transfer Company refused to comment without the certificate presented.[25] On two further occasions, the Transfer Company refused, absent "actual presentment" of the certificate, to provide guidance beyond

general requirements.[26] The Transfer Company did not comment about Ms. Jing Jing's having previously sent in and recalled the certificate.[27]

Ms. Jing Jing alleges she did not send the certificate a second time because she feared Weyland would seize it.[28] She cited another lawsuit in which Weyland allegedly refused to return an original share certificate, and the owner is now suing to obtain its return.[29] Fearing the same fate, she declined to submit the original certificate with her request to remove the legend.[30]

We dismissed Ms. Jing Jing's original complaint for failure to state a claim because she did not allege she presented the certificate along with her request to remove the restrictive legend. Ms. Jing Jing's amended complaint alleges a unique situation: she sent her original request to remove the restrictive legend with her certificate, and on January 18, 2017, after Weyland refused to remove the restrictive legend, she requested her certificate be returned.

## II. Analysis

Weyland and the Transfer Company now move to dismiss Ms. Jing Jing's amended complaint for failure to state a claim because she did not allege presenting the certificate "in connection with" Attorney Stout's March 2017 request for removal.[31] Ms. Jing Jing argued initially sending the certificate on January 18, 2017 through Attorney Claiborne is sufficient to trigger Weyland's duty to remove the restrictive legend, even though she later recalled the certificate.[32] She alleged she did not send the certificate a second time because of the possibility Weyland would seize it.

In our June 15, 2017 Memorandum, we found the Delaware Code requires Ms. Jing Jing present Certificate 1397 before Weyland or the Transfer Company has a duty to register transfer.[33] Ms. Jing Jing's amended complaint properly alleges presenting the certificate on January 18, 2017.[34] There may be questions of fact regarding her recalling the demand but as

she cured the defect in her original complaint, we find she pleads the elements of a Delaware Code violation and conversion. We deny Weyland and the Transfer Company's motion to dismiss for failure to state a claim.

### A. Ms. Jing Jing stated a claim Weyland and the Transfer Company violated §§ 8-401 and 8-407.

Under § 8-401, "[i]f a certificated security in registered form is presented to an issuer with a request to register transfer ... the issuer shall register the transfer as requested," if the transfer satisfies various requirements. Ms. Jing Jing alleged her attorney, David Claiborne, sent a proper request to the Transfer Company to register transfer on January 18, 2017. Ms. Jing Jing also sent her certificated security via FedEx to the Transfer Company. If true, when the Transfer Company received both the security and the request, Weyland and the Transfer Company had a duty under § 8-401 to remove the restrictive legend. They did not do so. Instead, Weyland told Ms. Jing Jing she did not qualify for removal because of "potential securities laws violations in connection with [her] stock issuance and ownership."[35] These are defenses not before us on a motion to dismiss.

An issuer may only delay registering transfer if it does so under § 8-403, which permits delay if the issuer has notice of an adverse claim against the stock from "an appropriate person to make an endorsement or originate an instruction."[36] Such an adverse claim may not be raised by Weyland.[37] Concerns about the validity of Ms. Jing Jing's ownership, such as those raised by the Singapore Complaint, do not relieve the issuer from the statutory duty to register transfer imposed by § 8-401.[38]

Accepting Ms. Jing Jing's allegations as true, she states a claim she properly submitted her request with her certificate and triggered Weyland's duty in January 2017 to remove the

restrictive legend. Weyland and the Transfer Company refused to remove it. We deny the motion to dismiss Ms. Jing Jing's claim for a violation of §§ 8-401 and 8-407.

### B. Ms. Jing Jing states a claim for conversion.

Ms. Jing Jing also alleged conversion, claiming Weyland and the Transfer Company's refusal to remove the restrictive legend constituted improper control over the shares because it denied her the right to resell them.[39] Under Delaware law, conversion requires a "distinct act of dominion wrongfully exerted over the property of another, in denial of his right, or inconsistent with it."[40] Conversion applies to securities.[41] Because conversion is a tort, it requires Defendants' "intentional wrongful act."[42] "A stockholder's shares are converted by 'any of control or dominion … without the [stockholder's] authority or consent, and in disregard, violation, or denial of his rights as a stockholder of the company."[43]

Ms. Jing Jing alleges Weyland and the Transfer Company wrongfully refused to remove the restrictive legend when they had a statutory duty to do so. She alleges Weyland and the Transfer Company's refusal to remove the restrictive legend converted of her property by depriving her right to sell her shares.

Ms. Jing Jing also seeks injunctive relief asking us to compel the removal of the restrictive legend from her shares. Delaware courts allow a shareholder to seek damages for the market value of the shares or compel the company to record its shares but not both.[44] Although not before us today, Ms. Jing Jing "must elect [her] remedy whether to proceed at law for the value of the stock … or to proceed in equity seeking to compel recordation and ancillary damages."[45] We deny Weyland and the Transfer Company's motion to dismiss because Ms. Jing Jing states a claim for conversion but she cannot proceed on both her remedies and must elect one going forward.

## III. Conclusion

We deny Weyland's motion to dismiss because Ms. Jing Jing states a claim Weyland and the Transfer Company violated §§ 8-401, 8-403, and 8-407. We also deny Weyland's motion to dismiss because Ms. Jing Jing states a claim for conversion. Defendants will now answer the Amended Complaint and we expect the Transfer Company and Ms. Jing Jing will agree as to the disposition of Case No. 17-999 now also pending in this Court.

---

[1] ECF Doc. No. 19 ¶ 12.

[2] *Id.* ¶ 13.

[3] *Id.* ¶ 15.

[4] *Id.* ¶ 17-18.

[5] *Id.* ¶ 17.

[6] *Id.* ¶ 18.

[7] *Id.* ¶ 25-26.

[8] *Id.* ¶ 26.

[9] *Id.* ¶ 26-31.

[10] *Id.* ¶ 41-42.

[11] *Id.* ¶ 44.

[12] *Id.* ¶ 45-47.

[13] *Id.* ¶ 48.

[14] 17 C.F.R. § 230.144.

[15] EFC Doc. No. 19 ¶ 49.

[16] *Id.* ¶ 51.

---

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.* ¶ 60.

[21] *Id.* ¶ 51.

[22] EFC Doc. No. 19, ¶ 84. "Form 8-K is the 'current report' companies must file with the [Securities and Exchange Commission] to announce major events that shareholders should know about. An 8-K is a form issued by [a Securities and Exchange Commission] company notifying investors of specific events." U.S. Securities and Exchange Commission: Form 8-K, https://www.sec.gov/fast-answers/answersform8khtm.html.

[23] *Id.* ¶ 61.

[24] *Id.* ¶ 62-63

[25] *Id.* ¶ 65.

[26] *Id.* ¶ 72, 75.

[27] *Id.* ¶ 78.

[28] *Id.* ¶ 83.

[29] *Id.* ¶ 80-81.

[30] *Id.* ¶ 83.

[31] EFC Doc. No. 21 p. 6. The Transfer Company, already a Defendant in this case, just filed a complaint in interpleader on July 21, 2017 at No. 17-999 seeking to have the same rights adjudicated in a second case. We see no present need for two cases and suggest the experienced counsel reach an agreement in the next ten days to ensure the rights of all parties are protected until a final Order in this case and consistent with Fed. R. Civ. P. 1. Otherwise, we will issue an order to show cause by **August 15, 2017** in the second case (No. 17-999) as to why we should proceed with two cases.

[32] EFC Doc. No. 19 ¶ 89.

[33] *Jing Jing v. Weyland Tech, Inc.*, No. 17-446, 2017 WL 2618753 (D. Del. June 15, 2017).

[34] As alleged in the second case at No. 17-999, Ms. Jing Jing again presented her demand with original Certificate 1397 to the Transfer Company in mid-July 2017. Weyland again instructed Transfer Company not to remove the legend.

[35] EFC Doc. No. 19 ¶ 41.

[36] § 8-403(a).

[37] *See CAPM Corp. v. Protegrity, Inc.*, No. 18676, 2001 WL 1360122 at *5-6 (Del. Ch. Oct. 30, 2001).

[38] *See CAPM Corp.*, 2001 WL 1360122 at *5-6; *Bender v. Memory Metals, Inc.*, 514 A.2d 1109, 114-17 (Del. Ch. 1986).

[39] ECF Doc. No. 19 ¶ 106-14.

[40] *Kuroda v. SPJS Holdings, L.L.C.,* 971 A.2d 872, 889 (Del. Ch. 2009) (quoting *Drug, Inc. v. Hunt*, 168 A. 87, 93 (Del. 1933)).

[41] *See Arnold v. Society for Savings Bancorp, Inc.,* 678 A.2d 533, 536 (Del. 1996).

[42] *Petroplast Petrofisa Plasticos S.A. v. Ameron Intern. Corp.*, No. 4304, 2009 WL 3465984 at *9 (Del. Ch. Oct. 28, 2009).

[43] *Arnold*, 678 A.2d at 536 (internal citations omitted).

[44] *See Loretto Literary & Benev. Inst. v. Blue Diamond Coal Co.*, 444 A.2d 256, 259 (Del. Ch. 1982)

[45] *See id.*